IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-1203-RGA |
| | : |
| BRITISH PRIME MINISTER FOR | : |
| QUEEN ELIZABETH, et al. | : |
| | : |
| | : |
| Defendants. | : |

Shantell D. Newman, New Castle, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 14, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on September 14, 2022. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff sues Defendants "British Prime Minister for Queen Elizabeth" and the United States on the apparent grounds that she and her family have suffered unspecified injuries for hundreds of years as a result of events occurring during the colonial era, the American Revolution, the Civil War, and the era of reconstruction, the vestiges of which are felt to this day. (D.I. 2 at 6-7). She asserts, "Delaware must do [its] due diligence to remove itself from the Queen of England and her oppressors; Colonial oppressors using 'Draconian Law.'" (*Id.* at 7). She claims, "All amendment[s] have been violated." (*Id.* at 9). For relief, she seeks "freedom from the crown, and all people freed from Common law and be able to live in peace." (*Id.*).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

1

2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  See *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim.  See *Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  See *Johnson v. City of Shelby,* 574 U.S. 10 (2014) (per curiam).  A

2

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

Plaintiff's Complaint, even when viewed in the light most favorable to her, is frivolous, fails to state a claim, and names defendants that are immune to suit.

First, my experience and common sense lead me to the conclusion that the allegations, to the extent that they can be understood, are legally and factually frivolous. In other words, they "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion."  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Second, the Complaint's claim that "all amendments have been violated," in combination with the dearth of factual allegations that would implicate Plaintiff's rights

under any individual amendment, are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 67.

Finally, both the Prime Minister of Great Britain and the United States are immune from suit. *See Lafontant v. Aristide*, 844 F. Supp. 128, 131-32 (E.D.N.Y. 1994) ("A head-of-state recognized by the United States government is absolutely immune from personal jurisdiction in United States courts unless that immunity has been waived by statute or by the foreign government recognized by the United States."); *Saltany v. Reagan*, 702 F. Supp. 319, 321 (D.D.C. 1988) (granting head-of-state immunity to Prime Minister of Great Britain); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) (discussing the sovereign immunity of the Unites States); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (same).

Accordingly, the Complaint will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). Amendment is futile.

An appropriate Order will be entered.